**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **WILLIAM J. DENNIS, As Personal Representative of the ESTATE OF BRENDA FOLSOM DENNIS,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **Civil Action No.:**<br><br><br>**COMPLAINT** |

The Plaintiff, William J. Dennis, as Personal Representative of the Estate of Brenda Folsom Dennis, by and through his undersigned counsel, brings this complaint against the United States of America and would respectfully show unto this Honorable Court:

**Parties**

1. The Plaintiff, William J. Dennis, as Personal Representative of the Estate of Brenda Folsom Dennis, is a United States citizen and is a resident of Florence County, South Carolina.

2. The Defendant, United States of America, is a proper party to this action. This action is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. § 2671 to § 2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. § 1346(b)(1) and § 2674 because the personal injuries and resulting damages of which this complaint is made, were proximately caused by the gross negligence, negligence, wrongful acts and/or omissions of employees of the United States of America located in Florence, South Carolina, while acting within the scope of their office or employment.

## JURISIDCATION AND VENUE

3. This United States District Court has jurisdiction over this case because this action is brought pursuant to and in compliance with 28 U.S.C. §§1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims Act litigation in the United States District Court.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to this cause of action occurred in this district.

5. HopeHealth, Inc. is a clinic operated and/or funded by the United States Department of Health and Human Services, an agency of the United States of America. The United States of America, through its agency, at all times material hereto, owned, operated and/or controlled HopeHealth, Inc. located in Florence, SC. The United States, through its employees and/or agents at HopeHealth, Inc., was responsible for providing medical care for the Plaintiff's Decedent in Florence County, South Carolina and had a doctor-patient relationship with Plaintiff's Decedent.

6. Plaintiff pleads, pursuant to Title 28 U.S.C. § 2672 and § 2675(a), that the claims set forth herein were filed with and presented administratively to the Claims Office for the Department of Health & Human Services on April 3, 2026. The United States Department of Health & Human Services has failed to respond to the administrative claim. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this action.

7. Additionally, the Plaintiff has attached, and incorporated by reference, the affidavit of medical expert Jeffrey S. Garrett, MD, as Exhibit 1.

## FACTUAL ALLEGATIONS

8. On or about May 20, 2025, Brenda Folsom Dennis ("Mrs. Dennis") was discharged from McLeod Health in Florence, South Carolina, following a five-day hospitalization for atrial fibrillation and pulmonary embolism and infarction. Atrial fibrillation places a patient at risk for developing blood clots if their blood is not appropriately thinned through the use of anticoagulant medication. Apixaban, commonly known as Eliquis, is one such blood thinner that can be used to reduce the risk of forming blood clots. Upon discharge, McLeod physicians prescribed her Eliquis 10 mg. to be taken twice a day for four (4) days, and then Eliquis 5 mg. to be taken twice a day for 26 days due to her diagnosis of atrial fibrillation, with directions to follow with outpatient providers.

9. On May 29, 2025, Mrs. Dennis established care with Timothy Weaver, FNP of HopeHealth, Inc. located at 3380 Pine Needles Road, Florence, SC 29501, whereupon FNP Weaver noted his review of the recent McLeod hospital records and the Eliquis prescription.

10. On June 18, 2025, Mrs. Dennis was seen for follow-up care with McLeod Cardiology Associates, whereupon she was directed to continue Eliquis 5 mg twice a day.

11. On June 19, 2025, Mrs. Dennis presented to HopeHealth, Inc. to retrieve her Eliquis prescription that had been ordered by FNP Weaver and filled by the in-house pharmacy within the HopeHealth, Inc. clinic.

12. The new prescription bottle for Eliquis 5 mg noted that it was to be taken once a day, and not twice a day as prescribed.

13. Mrs. Dennis took the inadequate dosage of Eliquis from June 19, 2025 through at least June 24, 2025, which resulted in her blood becoming dangerously thick without her knowledge.

14. On June 26, 2025, Mrs. Dennis suffered a massive thromboembolic stroke, caused by her blood becoming dangerously thick as a result of the inadequate dosage of Eliquis prescribed by FNP Weaver and filled by the pharmacy located within HopeHealth, Inc.

15. Mrs. Dennis succumbed to endometrial cancer on November 11, 2025, after suffering from severe deconditioning caused by the massive thromboembolic stroke for a period of 4 ½ months.

16. Mrs. Dennis' massive thromboembolic stroke was a direct and proximate result of the Defendant's failure to assess and monitor Ms. Dennis' current health conditions, failure to properly prescribe Mrs. Dennis a twice daily dose of Eliquis, and failure to properly manage Mrs. Dennis' atrial fibrillation with appropriate anticoagulant medication.

17. As a direct and proximate result of the Defendant's failure to properly care for, monitor and assist Mrs. Dennis, the Plaintiff's Decedent was forced to endure severe pain, suffering, and decompensation which ultimately caused a failure to thrive.

**FOR A FIRST CAUSE OF ACTION**
**AGAINST THE DEFENDANT**
**(Medical Malpractice)**

18. The Plaintiff reiterates each and every allegation stated above as if repeated verbatim herein.

19. Defendant, as well as its agents, servants, and/or employees, owed Mrs. Dennis a duty of due care to administer medical care with a degree of care and skill which is ordinarily employed by the profession generally, under similar conditions and in like surrounding circumstances.

20. Defendant breached this duty of due care in the following particulars:

a. Failure to use reasonable or slight care to frequently assess and monitor Mrs. Dennis' condition;

b. Failure to use reasonable or slight care to properly prescribe Mrs. Dennis a twice daily dose of Eliquis;

c. Failure to use reasonable or slight care to properly manage Mrs. Dennis' atrial fibrillation with an appropriate anticoagulant medication.

21. Defendant breached this duty of care to Plaintiff through acts of omission and commission of the Defendant, which constituted negligence and/or gross negligence and was a direct and proximate cause of the injuries and suffering of Mrs. Dennis.

22. In addition to the injuries and damages set forth in the preceding cause of action, Mrs. Dennis was forced to endure conscious pain and suffering.

23. Based on the foregoing allegations, the Plaintiff is entitled to an award of ACTUAL and CONSEQUENTIAL DAMAGES.

**WHEREFORE**, the Plaintiff hereby requests a trial on all of the issues that have been or may hereafter be raised in any of the pleadings. Plaintiff further seeks judgment against Defendant for:

a. actual and consequential damages;

b. the costs and disbursements of this action;

c. such other and further relief as this Court deems just and proper.

s/ *Scott C. Evans*
Scott C. Evans, Fed. ID #10874
James B. Moore III, Fed. ID # 10844
George W. Bryan, III, Fed. ID #13442
EVANS MOORE, LLC
121 Screven Street
Georgetown, SC 29440
(843) 995-5000
(843) 527-4128 Facsimile
scott@evansmoorelaw.com
james@evansmoorelaw.com
george@evansmoorelaw.com

Rachel G. Peavy, Fed. ID #9089
CALLISON TIGHE & ROBINSON, LLC
1812 Lincoln Street
Columbia, SC 29201
Office: (803) 404-6900
Fax: (803) 404-6902
rachelpeavy@callisontighe.com

John S. Simmons, Fed. ID #5000
SIMMONS LAW FIRM
1711 Pickens Street
Columbia SC 29201
Office: (803) 779-4600
Fax: (803) 254-8874
jsimmons@simmonslawfirm.com

ATTORNEYS FOR PLAINTIFF

October 9, 2026
Georgetown, SC